LYNN CRAWFORD, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1380-90.          Filed September 11, 1991.

*Robert B. Perry,* for the petitioner.
*Shelley D. Turner,* for the respondent.

OPINION

HALPERN, *Judge:* Respondent has determined deficiencies in petitioner's income tax for 1983, 1985, and 1986. Petitioner has moved for partial summary judgment. Petitioner's motion is limited to one question, concerning the statute of limitations, for 1 year, 1983. This opinion addresses only petitioner's motion.

A summary judgment is appropriate if the pleadings and other materials show that there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121(b).[1] The parties agree, and the record reveals, that there is no genuine issue as to any material fact. Therefore, a partial summary judgment is appropriate. The question for summary adjudication is whether the special statutory period for the assessment of a deficiency described in section 183(e)(4) may be extended by a consent entered into before the expiration of that period but after the expiration of the normal 3-year statutory period provided for in section 6501(a).

For purposes of petitioner's motion, certain facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by this reference.

## Background

Petitioner timely filed his Individual Income Tax Return (Form 1040) for 1983. Included with his Form 1040 was a Form 5213, Election to Postpone Determination with Respect to the Presumption that an Activity Is Engaged in for Profit. In January 1989, petitioner and an agent of respondent executed a Form 872, Consent to Extend the Time to Assess Tax, which purported to extend the time to assess tax for 1983 until December 31, 1989. Subsequently, respondent determined a deficiency in petitioner's income tax for 1983 and gave him notice thereof in October 1989.

---

[1] Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue.

Petitioner has raised as an affirmative defense the statute of limitations, averring that the 3-year period to assess tax provided for in section 6501(a) has expired. Respondent argues that the consent is effective, since given before the expiration of the special period to assess tax provided for in section 183(e)(4).

The activity in question involves the restoration of automobiles and trucks, and petitioner first engaged in that activity in 1982.

## Discussion

Normally, the period for assessing tax expires 3 years after a return is filed. Sec. 6501(a). That period can be extended by agreement. Sec. 6501(c)(4). Section 183 disallows certain deductions associated with activities not engaged in for profit (so-called hobby losses). Section 183(d) establishes a presumption that an activity is engaged in for profit if a gross income test can be passed for 2 out of 5 consecutive years (7 consecutive years for certain horse-related activities). In the case of a new activity, a taxpayer can elect to delay a determination as to application of the presumption until the 5- (or 7-) year period has expired. Sec. 183(e)(1). If a taxpayer makes such an election, the presumption will apply to each year in the test period. Sec. 183(e)(2). The usual period for assessing tax is extended to accommodate the delayed determination. Sec. 183(e)(4). The period for assessing tax with respect to the activity does not expire before the expiration of 2 years after a return is due (determined without extensions) for the last year in the test period. *Id.*

Regulations provide that, generally, an election to delay application of the presumption provided for in section 183(d) can be made within 3 years after a return is due for the year in which the taxpayer first engages in the activity in question. 26 C.F.R. sec. 12.9(c), Temporary Income Tax Regs., 1974-1 C.B. 64, 65, 39 Fed. Reg. 9947 (Mar. 15, 1974). Petitioners first engaged in the activity here in question in 1982. Petitioner made the required election by including Form 5213 with his timely filed 1983 return. Accordingly, petitioner's election was timely. By virtue of that election, the period for assessing tax with respect to

the activity in question was extended until April 15, 1989. See sec. 183(e)(4) (and note that the activity in question was not a horse-related activity).

It is petitioner's argument that section 183 does not provide for any extension of the section 183(e)(4) period and an agreement entered into pursuant to section 6501(c)(4) cannot extend the section 183(e)(4) period because that period is not provided for in section 6501.[2] The consent entered into by petitioner (the Form 872) was ineffective because the 3-year period provided for in section 6501(a) already had expired. We disagree that an agreement entered into pursuant to section 6501(c)(4) cannot extend the section 183(e)(4) period.

### History of Section 183(e)

Section 183 was enacted in 1969. See Tax Reform Act of 1969, Pub. L. 91-172, sec. 213(a), 83 Stat. 571. Initially, respondent took the position that he need not await the end of the 5- (or 7-) year period to determine whether a taxpayer failed to benefit from the section 183(d) presumption. See S. Rept. 92-437 (1971), 1972-1 C.B. 599, 600. Thus, if a 5-year period were applicable, and if respondent examined the first year in the period before the period was over, he would give no weight to the presumption unless the presumption already had been satisfied, although there might be sufficient years remaining in the period so that satisfaction still was possible. Congress believed that to be contrary to its intent in originally enacting section 183 and, to set things straight, amended section 183 in 1971 to allow a taxpayer the election to await the close of the relevant period to determine if the presumption had been satisfied. Revenue Act of 1971, Pub. L. 92-178, sec. 311, 85 Stat. 525 (enacting sec. 183(e)); see S. Rept. 92-437, *supra.* Congress contemplated that a taxpayer making the election might be asked to execute a waiver of the statute of limitations for the

---

[2]Sec. 6501(c)(4) provides:

(4) EXTENSION BY AGREEMENT.—Where, before the expiration of the time prescribed *in this section* for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. [Emphasis added.]

applicable period and for a reasonable time thereafter. See S. Rept. 92-437, *supra.* Because of a technical problem involving multiple notices of deficiency, respondent required a waiver with regard to all potential income tax liabilities arising during the period, including issues unrelated to deductions subject to section 183. See Temporary Income Tax Regs., 26 C.F.R. sec. 12.9(d)(2) (1974); S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 104-105.

As part of the Tax Reform Act of 1976, Congress amended section 183(e) to provide that a taxpayer need not waive the statute of limitations for unrelated items on her return in order to take advantage of the special presumption of section 183(e). See S. Rept. 94-938, *supra,* 1976-3 C.B. (Vol. 3) at 106. If a taxpayer makes an election under section 183(e), and thus postpones a determination of whether she is engaged in a particular activity for profit, the making of that election automatically extends the statute of limitations, but only with regard to deductions attributable to the section 183 activity. Tax Reform Act of 1976, Pub. L. 94-455, sec. 214(a), 90 Stat. 1549 (adding sec. 183(e)(4)).

Section 183(e)(4), as added by the Tax Reform Act of 1976, provides as follows:

(4) TIME FOR ASSESSING DEFICIENCY ATTRIBUTABLE TO ACTIVITY.—If a taxpayer makes an election under paragraph (1) with respect to an activity, the statutory period for the assessment of any deficiency attributable to such activity shall not expire before the expiration of 2 years after the date prescribed by law (determined without extensions) for filing the return of tax under chapter 1 for the last taxable year in the period of 5 taxable years (or 7 taxable years) to which the election relates. Such deficiency may be assessed notwithstanding the provisions of any law or rule of law which would otherwise prevent such an assessment.

Reports of both the Ways and Means Committee and the Finance Committee describe the amendment as follows:

The bill does not shorten the usual 3-year statute of limitations as to any taxable year in the 5 (or 7) year period. Rather, it requires that the normal limitation period be extended as to any year in the 5 (or 7) year period as to which the normal 3-year limitation period would otherwise expire while the potential section 183 issues are held in suspense. [S. Rept. 94-938, *supra,* 1976-3 C.B. (Vol. 3) at 106 n.18; H. Rept. 94-658 (1975), 1976-3 C.B. (Vol. 2) 695, 821 n.2.]

## Analysis

It is true that no provision of section 183 provides for extension of the section 183(e)(4) period of limitations. It is also true that section 183(e)(4) modifies the period of limitations on assessment that would apply in the absence of an election under section 183(e)(1). In relevant part, section 183(e)(4) provides: "the *statutory period*" for the assessment of any deficiency attributable to * * * [a section 183] activity shall not expire before." (Emphasis added.) The "statutory period" referred to is the period that otherwise would apply. As quoted above, the legislative history of section 183(e)(4) states that it is the "normal 3-year limitations period" that is being extended. That period is found in section 6501(a). Thus, a sensible construction of section 183(e)(4) is that it modifies section 6501(a) with regard to a section 183 activity for which an election under section 183(e)(1) has been made. As a result, that modification must be taken into account, as if written into section 6501(a), when applying section 6501(a) in connection with a section 183 activity for which the election has been made. An agreement under section 6501(c)(4) would, by the same reasoning, be effective to extend the period of limitations provided for in section 6501(a), notwithstanding that it was entered into after the normal 3-year period provided for in that section had run, so long as it was entered into before the section 6501(a) period, as extended by section 183(e)(4), had run. Of course, it would be effective only with regard to assessments arising from deficiencies attributable to the section 183 activity.

Here, petitioner timely made an election under section 183(e)(1), by including with his 1983 return a Form 5213, Election to Postpone Determination with Respect to the Presumption that an Activity Is Engaged in for Profit. As we have discussed, the effect of that election was to modify the normal period of limitations found in section 6501(a) by extending it as provided for in section 183(e)(4).[3] The

---

[3]Numerous Code provisions specially extend periods of limitation otherwise applicable. We have not cataloged them all. Nevertheless, such provisions seem to divide into three categories. Some, like secs. 302(c)(2)(A) and 303(b)(1)(A), make direct and specific reference to sec. 6501 or other sections containing general periods of limitations. Others, like sec. 183(e)(4), do not. See, e.g., secs. 453(e)(8), 1034(j), 1042(f), 1314(b). Sec. 6229(b) contains a paragraph specifically coordinating with sec. 6501(c)(4). Sec. 6229(b)(2). While one might generalize that

extended period ran until April 15, 1989. Prior to that date, petitioner and an agent of respondent entered into an agreement, pursuant to section 6501(c)(4), to extend the period to assess tax. That agreement (Form 872, Consent to Extend the Time to Assess Tax) would have been untimely were section 6501(a) not modified by section 183(e)(4). We have concluded, however, that it is so modified. Accordingly, the agreement was timely made and binds petitioner. It is limited, of course, to deficiencies attributable to the section 183 activity in question. Cf. *Estate of Caporella v. Commissioner*, 817 F.2d 706, 708 (11th Cir. 1987), affg. 86 T.C. 285 (1986) (suggesting that an extension by agreement can only be as broad as the unextended authority to assess).

### Conclusion

For the reasons stated, the Form 872, Consent to Extend the Time to Assess Tax, executed by petitioner and an agent of respondent, was effective to the extent described to extend the period to assess tax for 1983. Accordingly, petitioner's affirmative defense of the statute of limitations fails. Petitioner's motion for partial summary judgment will be denied.

*An appropriate order will be issued.*

---

the presence of a direct and specific reference to sec. 6501 in the first and third categories and the lack thereof in the second indicate an intended differentiation between the first and third on the one hand and the second on the other, we will not do so. We believe that Congress did intend sec. 183(e)(4) to modify sec. 6501(a). Of course, we are not stating a rule applicable to all category two cases.