CHARLIE DAVID PRUITT AND CLARICE PRUITT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pruitt v. Commissioner
Docket Nos. 12863-90, 21986-90
United States Tax Court
T.C. Memo 1992-194; 1992 Tax Ct. Memo LEXIS 205; 63 T.C.M. (CCH) 2628; March 31, 1992, Filed *205 An appropriate order will be issued denying petitioners' motion for reconsideration. Charlie David Pruitt and Clarice Pruitt, pro se. Scott D. Anderson, for the respondent. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case is before us on petitioners' motion for reconsideration of our opinion, T.C. Memo. 1991-398. In that opinion, we addressed our attention, in accordance with arguments of the parties, to the issue of whether the notice of deficiency for the year 1985, in docket No. 21986-90, was timely. We held that it was timely issued. Petitioners' motion for reconsideration asks us to reconsider our holding that the notice of deficiency for the year 1985 was timely and to revise our opinion to hold that the notice for 1985 was not timely issued. For the reasons stated, infra, we will deny petitioners' motion for reconsideration. Section 183 [1] disallows certain deductions when an activity is not engaged in for profit. Section 183(d), inter alia, creates a presumption that an activity pertaining to certain horse-related activities is engaged in for profit if gross income from the activity exceeds deductions attributable to such *206 activity for 2 or more years out of 7 consecutive years. In the case of a horse-related activity, a taxpayer may elect to delay the determination as to whether the presumption provided by section 183(d) applies until the 7-year period has expired. If the taxpayer makes such an election, the statutory period for the assessment of any deficiency attributable to the activity shall not expire before the expiration of 2 years after a return is due (determined without extensions) for the last taxable year in the period of 7 taxable years to which the election applies. An election to delay the determination as to whether the presumption provided by section 183(d) applies, in general, may be made within 3 years after a return is due (determined *207 without extensions) for the first year in which the taxpayer engaged in the activity. Section 12.9(c), Temporary Income Tax Regs., 39 Fed. Reg. 9948 (Mar. 15, 1974). Petitioners first engaged in their horse-related activity in 1985. Petitioners made the section 183(e) election by attaching Form 5213 to their timely filed 1987 return, thus their election was timely. Pursuant to their timely election, the period for assessing tax with respect to petitioners' horse-related activity was extended until April 15, 1994. Sec. 183(e)(4). When a taxpayer makes a timely election pursuant to section 183(e), the statute of limitations is automatically extended, but only as to any deficiency attributable to the section 183 activity. Tax Reform Act of 1976, Pub. L. 94-455, sec. 214(a), 90 Stat. 1549 (adding sec. 183(e)(4)). Section 183(e)(4), as added by the Tax Reform Act of 1976, provides as follows: (4) Time for assessing deficiency attributable to activity. -- If a taxpayer makes an election under paragraph (1) with respect to an activity, the statutory period for the assessment of any deficiency attributable to such activity shall not expire before the expiration *208 of 2 years after the date prescribed by law (determined without extensions) for filing the return of tax under chapter 1 for the last taxable year in the period of 5 taxable years (or 7 taxable years) to which the election relates. Such deficiency may be assessed notwithstanding the provisions of any law or rule of law which would otherwise prevent such an assessment.
As we have previously noted, the Form 5213 filed by petitioners with their 1987 return is limited to deficiencies attributable to petitioners' section 183 horse-related activities. Crawford v. Commissioner, 97 T.C. 302, 308 (1992). Respondent may, however, assess any deficiency attributable to the section 183 activity within the extended period of limitations. In the notice of deficiency for the year 1985, issued on July 31, 1990, respondent adjusted amounts claimed as depreciation on petitioners' 1985 Schedule C, pertaining to their horse-related activity and reallocated a portion of interest and taxes claimed on petitioners' 1985 Schedule A to Schedule C to reflect that some of the interest and tax expenses claimed on Schedule A were attributable to petitioners' horse-related activity. *209 Although those adjustments pertained to petitioners' horse-related activity, they did not involve the question of whether the activity was engaged in for profit. [2]
Because petitioners extended the period of limitations as to their horse-related activities by timely filing Form 5213, respondents' adjustments to expenses claimed by them in 1985, attributable to the activity, which were not predicated upon the profitability or nonprofitability of the activity, were timely and proper. An appropriate order will be issued denying petitioners' motion for reconsideration. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year 1987, since that is the year of the return with which petitioners filed a Form 5213, Election To Postpone Determination As To Whether The Presumption That An Activity Is Engaged In For Profit Applies.↩
2. By not waiting until the end of the 7-year test period to issue a notice of deficiency in respect of petitioners' horse-related activity, it would appear that respondent has conceded that petitioners had the requisite profit objective as to that activity.↩