T.C. Memo. 1999-327


UNITED STATES TAX COURT


KEITH LEE WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22103-96.                Filed September 29, 1999.


Keith Lee Wilson, pro se.

<u>Jason M. Silver</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


JACOBS, <u>Judge</u>:  Pursuant to a notice of deficiency dated July 8, 1996, respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a) | Sec. 6654(a) |
| 1988 | $39,266 | $6,567 | $2,148 |
| 1992 | 52,996 | 3,407 | 404 |
| 1993 | 24,699 | 6,102 | 1,021 |

On October 15, 1996, petitioner filed a petition placing years 1986 through 1994 at issue. On December 13, 1996, respondent filed a motion to dismiss for lack of jurisdiction and to strike: (1) Years 1986, 1990, and 1994 on the ground that no deficiencies in taxes for those years had been determined, and (2) years 1987, 1989, and 1991 on the ground that the petition with respect to those years was untimely (those years were the subject of a notice of deficiency dated June 4, 1996). Petitioner conceded that a notice of deficiency had not been issued for years 1986, 1990, and 1994, and therefore respondent's motion to dismiss those years for lack of jurisdiction was appropriate. However, petitioner maintained that dismissal for years 1987, 1989, and 1991 should be based on the ground that the June 4, 1996, notice of deficiency was not sent to his last known address. We agreed with petitioner's position on the last known address issue. See <u>Wilson v. Commissioner</u>, T.C. Memo. 1997-515. We issued an order on December 3, 1997, dismissing: (1) Years 1986, 1990, and 1994 on the ground that no notice of deficiency for those years had been issued, and (2) years 1987, 1989, and 1991 on the ground that the notice of deficiency for those years was invalid.

Petitioner now seeks refunds for 1988 (in the amount of $27,268) and 1992 (in the amount of $25,135) Federal income taxes. The parties stipulated: (1) For 1988, petitioner made estimated tax payments of $5,000, and a remittance of $8,000 (included with

petitioner's request for an extension of time to file his 1988 return), petitioner's tax liability is $5,859, and no additions to tax are due; (2) for 1992, petitioner made payments (through withholdings) totaling $39,368.97, petitioner's tax liability is $41,300, and no additions to tax are due; and (3) for 1993, there is no deficiency, additions to tax, or overpayment.

The unresolved issues are: (1) The amount of overpayment for 1988; (2) whether there is a deficiency or overpayment for 1992; and (3) whether the statutorily imposed time limitations of sections 6511 and 6512 preclude petitioner from obtaining refunds for years 1988 and 1992 (if an overpayment exists for 1992).

All section references are to the Internal Revenue Code in effect for the years under consideration. All Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.

Background

At the time petitioner filed his petition, he resided in Pacific Palisades, California. In 1974, petitioner received a juris doctorate from UCLA. He subsequently took graduate tax courses at New York University School of Law but did not receive a degree.

Since graduating from law school, petitioner has practiced law in California. At the time of trial, he worked out of his home and was affiliated with several Santa Monica law firms, working in the area of financial mergers and acquisitions.

1986 Federal Income Tax Return

On January 30, 1990, petitioner filed his 1986 Federal income tax return, electing to have a $1,177 overpayment for such year applied to his 1987 tax return.

1987 Tax Year

Petitioner made estimated tax payments of $2,500 each on April 15, June 15, and September 15, 1987. On April 15, 1988, petitioner (1) requested an extension of time (to August 15, 1988) to file his 1987 tax return, and (2) remitted $20,000 therewith.[1]

Petitioner did not file a 1987 return. Accordingly, on February 22, 1993, the Internal Revenue Service (IRS) filed a substitute 1987 return for petitioner based on payor information documents. On October 30, 1995, the IRS made a tax assessment for the year 1987 in the amount of $12,751. The IRS applied the $1,177 overpayment from 1986 to petitioner's 1987 tax liability.

---

[1] The Internal Revenue Service credited $4,201 to petitioner's then wife's account and $15,799 to petitioner's account.

1988 Tax Year

For his 1988 tax year, petitioner made two estimated tax payments of $2,500 each on June 17 and September 19, 1988. On April 15, 1989, petitioner requested (1) an extension of time (to August 15, 1989) to file his 1988 tax return, and (2) remitted $8,000 therewith.

Petitioner did not file a 1988 return. On March 1, 1993, the IRS filed a substitute 1988 return for petitioner based on payor information documents. The parties have stipulated that petitioner's tax liability for 1988 is $5,859.

No overpayment from 1987 was applied to petitioner's 1988 tax obligation. The $13,000 ($5,000 estimated tax payments plus $8,000 remitted on April 15, 1989) was noted on the 1988 IRS records for petitioner but was not applied to his 1988 tax obligation.

1989 Tax Year

On September 15, 1989, petitioner made a $7,500 estimated tax payment toward his 1989 tax year. On April 15, 1990, petitioner (1) requested an extension of time to file his 1989 return, and (2) remitted $1,000 therewith.

On March 8, 1993, the IRS filed a substitute 1989 return for petitioner. On April 30, 1995, the IRS received a 1989 return from petitioner. On October 30, 1995, the IRS made a $14,261 tax assessment for 1989.

1990 Tax Year

On September 13, 1992, respondent received petitioner's 1990 return.  The return reflected a $3,209 overpayment to be applied to petitioner's 1991 tax liability.  However, the amount of the overpayment was based on a computational error; the correct amount of the overpayment is $1,054.24.

1991 Tax Year

Petitioner did not file a 1991 return.  Accordingly, on March 15, 1993, the IRS filed a substitute 1991 return for petitioner.  The $1,054.24 overpayment from 1990 was applied to petitioner's 1991 tax liability.

On October 30, 1995, the IRS made a $35,957 tax assessment for 1991.  The IRS gave petitioner credit for $37,433 in withheld taxes.

Petitioner elected to receive a refund in the amount of $2,530.24 ($37,433 + $1,054.24 = $38,487.24; $38,487.24 - $35,957 = $2,530.24) with regard to 1991, which was mailed to petitioner on April 27, 1998, with interest.

1992 Tax Year

On April 15, 1993, petitioner requested an extension of time to October 15, 1993, to file his 1992 return.

Petitioner did not file a 1992 return.  On June 5, 1995, the IRS filed a substitute 1992 return for petitioner from payor

information documents. Petitioner's tax liability for 1992 is $41,300.

For 1992, petitioner paid $39,368.97 in withheld income taxes.

Notice of Deficiency

In the notice of deficiency mailed on July 8, 1996, respondent determined that petitioner failed to file returns for 1988, 1992, and 1993 and is liable for deficiencies and additions to tax for those years in amounts stated earlier. The notice of deficiency is based upon the substitute returns, and the deficiency computations are based upon the allowance of the standard deduction and one personal exemption.

OPINION

As a consequence of the parties' stipulations with respect to 1993, the only disputed years are 1988 and 1992. Petitioner contends that he is entitled to refunds for both of these years. Respondent agrees that petitioner would be entitled to a refund for 1988 but for the expiration of the period of limitations. However, respondent disagrees with the amount of overpayment petitioner claims. For 1992, respondent maintains that petitioner is not entitled to a refund, but rather, owes taxes.

The task before us has been rendered more difficult because of the existence of computational errors and other mistakes in respondent's records regarding petitioner's 1986-93 tax years, and the incoherent manner in which petitioner presented the facts.

Nevertheless, we are able to ascertain from the record (sketchy as it is) that petitioner overpaid his 1988 taxes and underpaid his 1992 taxes.

For 1988, the parties stipulated that (1) petitioner made estimated tax payments of $5,000, and remitted $8,000 with his request for an extension of time to file his 1988 return, and (2) petitioner's tax liability is $5,859. Petitioner contends that in addition to the $13,000 he sent to the IRS, he is entitled to the benefit of overpayments from prior years (totaling $20,127) for which he was not properly given credit, resulting in an aggregate 1988 overpayment of $27,268.[2]

For tax year 1992, petitioner contends that he had a $25,739[3] carryover payment from 1991 for which he was not properly given credit. Consequently, petitioner claims he is entitled to a $23,808[4] refund for 1992 ($39,368.97 + $25,739 = $65,108.97; $65,108.97 - $41,300 = $23,808.97).

Pursuant to section 6512(b)(1), we have jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for years that are properly before us. An

---

[2] On brief, petitioner stated that he is due a refund for 1988 in the amount of $28,268 but made a $1,000 mathematical mistake.

[3] We are unable to ascertain how petitioner determined the $25,739 carryover payment.

[4] On brief, petitioner (making another mathematical mistake) stated that his 1992 refund should be $24,135.

"overpayment" is the excess of the amount of tax that has been paid over the amount of tax that is properly due. See, e.g., <u>Bachner v. Commissioner</u>, 109 T.C. 125, 128-129 (1997), affd. without published opinion 172 F.3d 859 (3d Cir. 1998). However, where, as here, the taxpayer failed to file 1988 or 1992 tax returns before the notice of deficiency was mailed, our jurisdiction with regard to claimed refunds is limited to taxes paid during the 2-year period prior to the date the notice of deficiency was mailed. See secs. 6511(b)(2),[5] 6512(b)(3)(B);[6] <u>Commissioner v. Lundy</u>, 516 U.S. 235,

---

[5] Sec. 6511(a) generally provides that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever period expires later. Sec. 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid. Sec. 6511(b)(2) provides limitations on the amount of any credit or refund, as follows:

> SEC. 6511. LIMITATIONS ON CREDIT OR REFUND.
>
> (2) Limit on amount of credit or refund.--
>
> (A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.
>
> (B) Limit where claim not filed within

(continued...)

[5](...continued)
3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

    (C)  Limit if no claim filed.--If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

[6]    Sec. 6512(b)(3) limits the amount of the credit or refund as follows:

    SEC. 6512.  LIMITATIONS IN CASE OF PETITION TO TAX COURT.

    (3)  Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid--

    (A)  After the mailing of the notice of deficiency,

    (B)  Within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

    (C)  Within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency--

    (i)  which had not been disallowed before that date,

(continued...)

243-244 (1996);[7] <u>Wadlow v. Commissioner</u>, 112 T.C. 247 (1999); <u>Hart v. Commissioner</u>, T.C. Memo. 1999-186; <u>James v. Commissioner</u>, T.C. Memo. 1999-160.

The notice of deficiency concerning petitioner's 1988 tax year was mailed on July 8, 1996, and petitioner did not file a 1988 return by that date.[8] As a result, petitioner's claimed refund is limited to the amount of 1988 taxes he paid in the 2 years prior to July 8, 1996.

In 1988, petitioner made estimated tax payments of $5,000, which are deemed to have been paid as of April 15, 1989. See sec. 6513(b)(2). In addition, petitioner remitted $8,000 with his request for an extension of time to file his 1988 tax return.

For purposes of resolving disputes as to whether a claim for refund is time barred under section 6511, we must determine whether

---

[6](...continued)
          (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or

          (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.

[7]    Although sec. 1282(a) of the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 788, 1037, amended sec. 6512(b)(3) in response to the result in <u>Commissioner v. Lundy</u>, 516 U.S. 235 (1996), this amendment is inapplicable to the instant proceeding because the amendment applies to claims for credit or refund for taxable years ending after Aug. 5, 1997.

[8]    Petitioner is deemed to have filed his refund claim on July 8, 1996, the date the notice of deficiency was mailed. See sec. 6512(b)(3)(B).

the remittance in question is a payment of tax or a deposit. In the instant case, there is no evidence in the record to indicate petitioner intended either the $5,000 in estimated tax payments or the $8,000 remittance included with his request for an extension of time to file his 1988 tax return to be anything other than that which it purports to be; namely, a payment against petitioner's 1988 tax liability. Cf. Risman v. Commissioner, 100 T.C. 191 (1993). Moreover, we are mindful that an appeal in this case lies with the U.S. Court of Appeals for the Ninth Circuit, which in Ott v. United States, 141 F.3d 1306 (9th Cir. 1998), stated that as a matter of statutory construction, a remittance with a request for an extension of time to file a tax return constituted a tax payment, not merely a deposit. Consequently, the Court of Appeals held that the limitations period for seeking a refund of taxes paid in Ott began to run at the time of remittance. Id. at 1309. A similar holding is required in this case. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

To summarize, petitioner's claimed overpayment for 1988 is time barred. See Commissioner v. Lundy, supra.

With regard to 1992, petitioner had $39,368.97 in withheld income taxes, which is deemed to have been paid on April 15, 1993. See sec. 6513(b)(1). The parties have stipulated that petitioner's

1992 tax liability is $41,300. Thus, petitioner is liable for the difference, or $1,931.03.[9]

In reaching our holding herein, we have considered all of petitioner's arguments. We conclude each of them is without merit.

To reflect the foregoing and the stipulations of the parties,

> A decision will be entered that (1) for 1988 and 1993 there are no deficiencies, additions to tax, or overpayments, and (2) for 1992 there is a deficiency in tax in the amount of $1,931.03, but no additions to tax.

---

[9] Assuming arguendo an overpayment for 1992 exists (as contended by petitioner), such overpayment is barred by the statute of limitations pursuant to secs. 6511(a), (b)(2), and 6512(b)(3)(B) (as discussed above with regard to 1988).