109 T.C. No. 7

UNITED STATES TAX COURT

RONALD C. BACHNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27019-92.                    Filed September 24, 1997.

     P's employer withheld tax from his wages for 1984.
P filed a timely 1984 return reporting no tax liability
and claiming a refund for the withheld tax.  No tax has
ever been assessed or refunded for 1984.  R issued a
notice of deficiency after the expiration of the period
of limitations.  Assessment of any tax against P for
1984 is now barred.  P claims that the entire amount of
withheld tax is an overpayment within the meaning of
sec. 6512(b), I.R.C.  R maintains that any overpayment
is limited to the amount by which the withheld tax
exceeds the amount of tax which might have been
properly assessed but for the statute of limitations.

     <u>Held</u>:  Pursuant to <u>Lewis v. Reynolds</u>, 284 U.S. 281
(1932), the amount of an overpayment for a taxable year
is limited to the excess of the tax paid over the
amount which might have been properly assessed and
demanded even though assessment is now barred by the
statute of limitations.

Dennis P. Craig, for petitioner.

Edward J. Laubach, Jr., for respondent

OPINION

RUWE, Judge: This case is before the Court on remand from the U.S. Court of Appeals for the Third Circuit for further consideration consistent with its opinion in Bachner v. Commissioner, 81 F.3d 1274 (3d Cir. 1996), affirming our decision regarding petitioner's 1985 tax year and remanding with respect to petitioner's 1984 taxable year. Subsequent to the remand of this case, the parties filed a supplemental stipulation of facts and briefs relating to the issue on remand.

The issue for decision on remand is whether there is an "overpayment" of petitioner's income tax for the taxable year 1984 and, if so, the amount.

Background

In 1984 and 1985, petitioner was employed as a laboratory technician by the Westinghouse Electric Corp. In November 1984, petitioner sent the first of three letters to the Internal Revenue Service, all requesting assurance that his filing of a tax return would not cause him to be treated as having "relinquished" any of his constitutional rights. The District Director responded with letters emphasizing that the Internal

Revenue Code mandated the filing of returns, describing the penalties otherwise applicable, and urging petitioner to submit the required information and pay the required amount.

On or about April 15, 1985, petitioner filed a Form 1040 for the 1984 tax year. In addition to providing his name, Social Security number, and other identification information, petitioner reported $24,441.71 on line 7, captioned "Wages, salaries, tips, etc.", and attached the Form W-2 from his employer stating the same amount of compensation.

Petitioner typed "XXXXXX" over the caption designated "Moving expense" on line 24 and typed the amount $24,441.71 in the space provided. He added in the margin the notation "No Income or Taxable Compensation See Attached Letter and Eisner v. Macomber 252 US 189". In a letter attached to the Form 1040, petitioner claimed a refund of "erroneously withheld" Federal income taxes, cited 22 court decisions and the Internal Revenue Code for support, and stated that his submission did not constitute a waiver of any rights. Petitioner subtracted the claimed deduction on line 24 from his stated income and reported zero taxable income. He further claimed a refund of $4,396.95, the total amount withheld as taxes from his year's salary. The withheld taxes were not refunded.

In June 1989, petitioner was indicted on one count of tax evasion for the 1985 tax year, in violation of section 7201,[1] and four counts of filing false, fictitious or fraudulent claims for the years 1981 through 1984, in violation of 18 U.S.C. sec. 287. After a jury trial in the U.S. District Court, Western District of Pennsylvania, petitioner was acquitted of all charges. On September 11, 1992, respondent issued a notice of deficiency to petitioner for the year 1984 in which respondent determined a deficiency in the amount of $4,096 and an addition to tax pursuant to section 6653(b) of $2,048. Respondent filed an answer asserting in the alternative that petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and 6653(a)(1) and (2).

In our original bench opinion, we upheld respondent's deficiency determination and respondent's alternative position regarding the additions to tax under sections 6651 and 6653(a).[2] We held that the altered Form 1040 that petitioner filed for 1984 did not qualify as a "return" that would commence the running of

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]We did not uphold respondent's determination of fraud, citing Raley v. Commissioner, 676 F.2d 980 (3d Cir. 1982), revg. T.C. Memo. 1980-571, wherein the Court of Appeals for the Third Circuit reversed a finding of fraud in a case involving similar facts. Respondent did not appeal our holding on this point.

the period of limitations under section 6501(a). In doing so, we relied on Beard v. Commissioner, 82 T.C. 766, 779 (1984), affd. 793 F.2d 139 (6th Cir. 1986), and its rationale that "tampered forms" which are a conspicuous protest against the payment of tax and are intended to deceive respondent's return processing personnel into refunding the withheld taxes do not meet the requirement that there be an honest and reasonable attempt to satisfy the requirements of the Federal income tax law.

Petitioner appealed our decision. On appeal, respondent reversed his position at trial and conceded that petitioner's altered 1984 Form 1040 was a valid "return" and that the 3-year period of limitations for assessment of petitioner's 1984 tax had expired. As a result, the statute of limitations bars the assessment of the deficiency and additions to tax for 1984. The Court of Appeals declined to decide whether petitioner was due a refund of the $4,396.95 that had been withheld from his wages, stating that questions as to the existence and amount of any overpayment are appropriately under the jurisdiction of this Court in the first instance. See sec. 6512(b)(1); Bachner v. Commissioner, supra at 1279.

## Discussion

The issue before us is whether there is an overpayment of petitioner's 1984 income tax and, if so, the amount. Petitioner

claims that the $4,396.95 that was withheld from his wages as tax should be refunded or credited to him with interest. Generally, under section 6402(a), if a taxpayer has made an "overpayment", the Secretary must refund the overpayment, including interest.[3] In cases where this Court has jurisdiction to redetermine a deficiency, section 6512(b) gives us jurisdiction to determine the amount of any overpayment which is to be credited or refunded. Section 6512(b) does not define the term "overpayment".

Petitioner directs us to section 6401(a) for the definition of "overpayment". Section 6401(a) provides that "The term 'overpayment' includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto." (Emphasis added.) In Estate of Baumgardner v. Commissioner, 85 T.C. 445, 449 (1985), we stated that section 6401 contains a description of certain specific items that are statutorily treated as overpayments but that there is no specific statutory definition of the term "overpayment" within the Code. Therefore, we decline to accept any argument that the term "overpayment" is specifically and narrowly defined by section 6401(a). In any event, the facts of this case do not come within

---

[3]The overpayment may first be applied against any of petitioner's outstanding tax liabilities.

the literal terms of section 6401(a).  Here, as explained _infra_, the withheld tax was deemed paid on April 15, 1985, well within the period of limitations, and respondent is no longer seeking to make any assessments or collections.

The term "overpayment" has been interpreted to mean "any payment in excess of that which is properly due."  _Jones v. Liberty Glass Co._, 332 U.S. 524, 531 (1947).  In _United States v. Dalm_, 494 U.S. 596, 609 n.6 (1990), the Supreme Court again addressed the meaning of the term "overpayment", stating:  "The commonsense interpretation is that a tax is overpaid when a taxpayer pays more than is owed, for whatever reason or no reason at all."  In _Estate of Baumgardner v. Commissioner_, _supra_ at 450, we stated:

> The _Liberty Glass Co._ generic definition of
> 'overpayment' is in reference to section 322 of the
> Internal Revenue Code of 1939. Section 322(d) of the
> Internal Revenue Code of 1939, in pertinent part,
> included the following language which is substantially
> similar to its successor, section 6512(b):  'If the
> [Tax Court] finds that there is no deficiency and
> further finds that the taxpayer has made an overpayment
> of tax * * *, the [Tax Court] shall have jurisdiction
> to determine the amount of such overpayment.'

The _Liberty Glass Co._ definition applies in our determination of an overpayment as provided by section 6512(b).  It follows that in order to have an overpayment, petitioner must have made a "payment" of tax for 1984 in excess of the amount which is properly due.

Petitioner argues that his withheld taxes are fully recoverable with interest because they are "deposits" rather than payments. Petitioner relies on Cohen v. United States, 995 F.2d 205, 207 (Fed. Cir. 1993), wherein the court stated: "if the remittance was a deposit, a payment did not occur until the formal assessments".[4] Petitioner argues that since the period of limitations for assessment has expired, the deposit should be treated as an overpayment which should be refunded. We disagree.

The taxes withheld from petitioner's wages were not deposits. Section 6513(b) provides that "For purposes of section 6511 or 6512--(1) Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year". During 1984, Westinghouse Electric Corp. withheld tax from petitioner's wages in the amount of $4,396.95.[5] Pursuant to section 6513(b), the taxes withheld from petitioner's 1984 wages are deemed to have been paid by

---

[4]In Cohen v. United States, 995 F.2d 205 (Fed. Cir. 1993), the taxpayer made a deposit that was followed by untimely assessments. In the instant case, there has been no untimely assessment.

[5]Sec. 3402(a)(1) requires that "every employer making payment of wages shall deduct and withhold upon such wages a tax". Further, sec. 3401(a) provides: "the term 'wages' means all remuneration * * * for services performed by an employee for his employer".

petitioner on April 15, 1985. As the Court of Appeals for the Third Circuit in the instant case noted: "There is ample basis to find unpersuasive Bachner's view of wage withholdings as 'deposits,' refundable merely upon late assessment." Bachner v. Commissioner, 81 F.3d at 1278-1279 (citing Ehle v. United States, 720 F.2d 1096, 1097 (9th Cir. 1983)); see Binder v. United States, 590 F.2d 68, 70-71 (3d Cir. 1978).

Petitioner argues that he is entitled to a refund of all his withholding credits for his 1984 tax year because respondent failed to properly assess the tax within the statutory period of limitations provided by section 6501. However, whether or not there has been a timely assessment with respect to a specific year does not alone determine whether there has been an overpayment which would entitle a taxpayer to a refund. As the Court of Appeals for the Third Circuit stated:

> The language in § 6501 refers only to 'limitations on assessment and collection,' and the operative clause of § 6501(a) directs only that taxes 'be assessed within 3 years after the return was filed.' * * * A deficiency determination, by which the IRS seeks to establish the taxpayer's additional tax liability, is patently different from a refund determination, by which the taxpayer seeks repayment or credit from the IRS." [Bachner v. Commissioner, supra at 1277.]

Under the principles established by the Supreme Court in Lewis v. Reynolds, 284 U.S. 281 (1932), a taxpayer's claim for refund must be reduced by the amount of the correct tax liability

for the taxable year, regardless of the fact that the Commissioner can no longer assess any deficiency for the taxable year. In Lewis v. Reynolds, supra, the taxpayer filed a claim for refund alleging that certain deductions had been improperly disallowed by the Commissioner after the period of limitations on additional assessment had expired. The Commissioner agreed with the taxpayer that the period of limitations had expired but denied a refund on the basis that the correct computation of tax resulted in additional tax. The taxpayer argued that the Commissioner lacked the authority to redetermine the tax after the period of limitations had expired. The Supreme Court disagreed.

> While no new assessment can be made, after the bar of the statute has fallen, the taxpayer, nevertheless, is not entitled to a refund unless he has overpaid his tax. * * *
>
>   *   *   *   *   *   *   *
>
> An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded. [Lewis v. Reynolds, supra at 283.]

The doctrine established in Lewis v. Reynolds, supra, has been applied by this Court in the determination of an overpayment. See Connecticut Light & Power Co. v. Commissioner,

40 T.C. 597, 654-655 (1963), vacated and remanded pursuant to stipulation (2d Cir. 1965) (holding that the decision in Lewis v. Reynolds, supra, was controlling and allowing a reduction in an overpayment claimed by the taxpayer); Estate of Carruth v. Commissioner, 28 T.C. 871, 880 (1957).[6]  Applying the doctrine of Lewis v. Reynolds, supra, to this case, we find that even though assessment and collection of petitioner's tax liability is now barred by the statute of limitations, respondent has the right to retain prior timely payments to the extent they do not exceed the amount of petitioner's actual tax liability.[7]

---

[6]Our holding in Morris v. Commissioner, T.C. Memo. 1966-245, is distinguishable.  In Morris, the taxpayer received and cashed a refund check of $5,752.28 from the Commissioner relating to her 1957 tax year.  Later, in 1964, after the period of limitations for assessment had expired, the Commissioner assessed $7,817.98 (representing the erroneous refund of $5,752.28 plus interest). In 1965, the Commissioner collected by way of a levy on funds the taxpayer had on deposit at a savings bank.  We held that "The rationale underlying Lewis v. Reynolds is not properly applicable where, as here, the assessment and collection by the Commissioner was illegal."  Here, respondent has neither assessed nor collected the funds illegally.

[7]The statutes authorizing tax refunds and suits for their recovery are predicated upon equitable principles.  Stone v. White, 301 U.S. 532, 535 (1937).  In a Tax Court proceeding, either party is free to raise equity-based defenses to the assertions of the other party, and the Court, insofar as it has jurisdiction over the main claim, is free to entertain those defenses.  Estate of Mueller v. Commissioner, 101 T.C. 551, 557 (1993).  Here, we have jurisdiction to determine the overpayment under sec. 6512(b)(1) and, therefore, respondent is free to raise the defense provided in Lewis v. Reynolds, 284 U.S. 281 (1932). See Estate of Mueller v. Commissioner, supra; Woods v. Commissioner, 92 T.C. 776 (1989).

We previously determined that petitioner's correct tax liability for the taxable year 1984 is $4,096. Petitioner's withholding payments totaled $4,396.95. Petitioner made no other payments. Therefore, any overpayment due to petitioner cannot be greater than the amount by which petitioner's tax payments exceed his proper tax liability for 1984.

Respondent also contends that the doctrine of Lewis v. Reynolds, supra, applies to the addition to tax under section 6653(a)(1) in the amount of $205 and that any overpayment due petitioner should be reduced by this amount.[8] We agree. Additions to tax pursuant to section 6653(a)(1) are assessed, collected, and paid in the same manner as taxes. Sec. 6662(a)(1). While no addition to tax can be assessed for 1984, the doctrine of Lewis v. Reynolds, supra, permits the retention of any tax payment "which might have been properly assessed and demanded." Lewis v. Reynolds, 284 U.S. at 283; Allen v. United States, 51 F.3d 1012, 1015 (11th Cir. 1995); see also Fisher v. United States, 80 F.3d 1576, 1580-1581 (Fed. Cir. 1996) (holding interest barred from assessment by expiration of the statutory period of limitations may be offset against overpayment); Loftin & Woodard, Inc. v. United States, 577 F.2d 1206, 1245-1247 (5th Cir. 1978).

---

[8]By conceding that the altered Form 1040 is a valid return, respondent necessarily concedes that petitioner cannot be liable for the sec. 6651 addition to tax for failure to file.

Section 6653(a)(1) provides that "If any part of any underpayment (as defined in subsection (c)(1)) * * * is due to negligence or intentional disregard of rules or regulations, * * * there shall be added to the tax an amount equal to 5 percent of the underpayment."  In determining the existence of an underpayment, no credit is given for tax withheld and paid over by the taxpayer's employer.  Sec. 6211(b)(1); Cirillo v. Commissioner, 314 F.2d 478, 484 (3d Cir. 1963), affg. in part and revg. in part T.C. Memo. 1961-192; Bagby v. Commissioner, 102 T.C. 596, 607 (1994); Myers v. Commissioner, T.C. Memo. 1988-160; Mighell v. Commissioner, T.C. Memo. 1985-135.  We previously held that petitioner was liable for the addition to tax under section 6653(a)(1).  Nothing in the record, as supplemented, gives us reason to change our prior holding.  While respondent now concedes that petitioner's Form 1040 for 1984 is a "return", the position taken on this return is one frequently characterized as a frivolous, time-worn, tax protesting device.  The addition to tax under section 6653(a)(1) in the amount of $205 (5 percent of $4,096) is part of petitioner's total 1984 tax liability "which might have been properly assessed and demanded."  Lewis v. Reynolds, supra at 283.

The difference between petitioner's total 1984 tax liability of $4,301 and his payments of $4,396.95 is $95.95.  We hold that

there is an overpayment with respect to petitioner's 1984 tax year in this amount plus interest.

<u>Decision will be entered</u> <u>under Rule 155</u>.