T.C. Memo. 2003-198


UNITED STATES TAX COURT


ISAIAH ISRAEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14482-01L.          Filed July 9, 2003.


Isaiah Israel, pro se.

<u>Gregory J. Stull</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  Petitioner filed the petition in this case in response to a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination).

We must decide whether respondent abused respondent's discretion in determining to proceed with the collection action

as determined in the notice of determination with respect to petitioner's taxable years 1994, 1995, and 1996. We hold that respondent did abuse respondent's discretion with respect to petitioner's taxable year 1994 and that respondent did not abuse respondent's discretion with respect to petitioner's taxable years 1995 and 1996.

FINDINGS OF FACT

Most of the facts have been stipulated by the parties and are so found except as noted below.

Petitioner resided in Chicago, Illinois, at the time he filed the petition in this case.

On March 29, 1999, respondent prepared a substitute for return with respect to each of petitioner's taxable years 1994, 1995, and 1996.

On or about April 5, 1999, respondent mailed to petitioner a so-called 30-day letter, Letter 2566 (30-day letter), for each of his taxable years 1994, 1995, and 1996. In those respective 30-day letters, respondent advised petitioner that respondent had no record of having received Federal income tax (tax) returns for those years and proposed assessments for those years based upon information returns that respondent had received from third-party payers. In the respective 30-day letters pertaining to petitioner's taxable years 1994, 1995, and 1996, respondent also requested petitioner to file a tax return for each of those

years.

On or about May 24, 1999, in response to the respective 30-day letters pertaining to petitioner's taxable years 1994, 1995, and 1996, petitioner mailed to respondent a tax return (return) for each of those years and enclosed with each such return a copy of the 30-day letter, or a portion thereof, pertaining to each such year, all of which respondent received on May 28, 1999. Petitioner attempted to file each such return as a joint return by signing his then spouse's name as well as his own name on each such return.

In the respective returns for 1994, 1995, and 1996 that petitioner mailed to respondent, petitioner reported the following amounts of (1) total income consisting solely of wages from his employer, the U.S. Postal Service, (2) total tax, (3) tax withheld by the U.S. Postal Service from petitioner's wages, and (4) tax owed:

| Year | Total Income[1] | Total Tax | Tax Withheld[1] | Tax Owed |
|------|------------|-----------|--------------|----------|
| 1994 | $47,712 | $3,956 | $1,098 | $2,999 |
| 1995 | 37,845 | 3,566 | 515 | 3,214 |
| 1996 | 41,168 | 4,024 | 182 | 3,842 |

[1]The amounts of total income and tax withheld reported in the respective returns that petitioner mailed to respondent for the years 1994, 1995, and 1996 were rounded by petitioner to the nearest dollar.  The parties stipulated that petitioner received wages of $41,161.77 from the U.S. Postal Service during 1996.  We are not bound by that stipulation of facts which is clearly contrary to the record in this case.  Form W2, Wage and Tax Statement, that the U.S. Postal Service issued to petitioner showed wages of $41,167.71 paid to him during 1996.  See Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989).

Although petitioner showed in the return for each of the years 1994, 1995, and 1996 that there was tax owed for each such year, he did not remit any payment of such tax owed with each such return.

On June 1, 1999, respondent received Form 1040X, Amended U.S. Individual Income Tax Return, for petitioner and his then spouse with respect to their taxable year 1994 (1994 amended return). Petitioner's return preparer signed petitioner's name and the name of petitioner's then spouse on the 1994 amended return. The 1994 amended return showed total tax of $5,104 and tax owed of $4,006. That is because the 1994 amended return reduced the amount of itemized deductions or standard deduction claimed for that year to $6,350 from the $14,001 of itemized deductions claimed in the 1994 return that petitioner mailed to respondent on or about May 24, 1999.

Respondent did not accept and process as filed the return for 1994 (petitioner's 1994 unfiled return) that petitioner mailed to respondent on or about May 24, 1999. Nor did respondent accept and process as filed the 1994 amended return (petitioner's 1994 unfiled amended return) that respondent received on June 1, 1999. Respondent did not issue a notice of deficiency to petitioner with respect to his taxable year 1994. Nonetheless, on April 3, 2000, respondent assessed the tax of $11,540 that respondent had proposed to assess in the 30-day letter pertaining

to petitioner's taxable year 1994, as well as additions under sections 6651(a)(1) and (2) and 6654(a)[1] to that assessed tax of $2,349.45, $2,610.50, and $531.74, respectively, and interest as provided by law.  (We shall refer to any such assessed amounts, as well as interest as provided by law accrued after April 3, 2000, as respondent's assessed amounts for petitioner's taxable year 1994.)

On or about May 1, 2000, respondent sent to petitioner a notice of balance due with respect to respondent's assessed amounts for petitioner's taxable year 1994.

Respondent accepted and processed as filed the respective returns for 1995 (petitioner's 1995 filed return) and 1996 (petitioner's 1996 filed return) that petitioner mailed to respondent on or about May 24, 1999.

On February 7, 2000, respondent assessed the total tax of $3,566 that petitioner reported in petitioner's 1995 filed return, as well as additions under sections 6651(a)(1) and (2) and 6654(a) to petitioner's tax for 1995 of $686.47, $686.48, and $163.41, respectively, and interest as provided by law.  (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after February 7, 2000, as petitioner's unpaid liability for 1995.)

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

On March 6, 2000, respondent assessed the total tax of $4,024 that petitioner reported in petitioner's 1996 filed return, as well as additions under sections 6651(a)(1) and (2) and 6654(a) to petitioner's tax for 1996 of $864.45, $672.35, and $203.38, respectively, and interest as provided by law. (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after March 6, 2000, as petitioner's unpaid liability for 1996.)

Except for the notice of deficiency for 1996 (discussed below) that respondent issued to petitioner and that does not pertain to petitioner's unpaid liability for 1996, respondent did not issue to petitioner a notice of deficiency for 1995 or 1996.

On March 6, 2000, respondent sent to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1996.

On or about March 13, 2000, respondent sent to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1995.

On or about April 26, 2000, petitioner submitted to respondent a second amended return for his taxable year 1994 and an amended return for each of his taxable years 1995 and 1996. In each of those amended returns, petitioner reported zero income and claimed a refund of the tax withheld for each taxable year to which the amended return related. Petitioner attached a document

to each of those amended returns (collectively, petitioner's attachments to his amended returns for 1994, 1995, and 1996) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[2]

On or about May 10, 2000, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to respondent's assessed amounts for petitioner's taxable year 1994 and petitioner's unpaid liability for 1995. On or about the same date, respondent issued to petitioner a separate notice of intent to levy with respect to petitioner's unpaid liability for 1996.

On May 14, 2000, in response to the notices of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioner attached a document to Form 12153 (petitioner's attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[3]

---

[2]Petitioner's attachments to his amended returns for 1994, 1995, and 1996 contained statements, contentions, arguments, and requests that are very similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 1040 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

[3]Petitioner's attachment to Form 12153 contained statements,
(continued...)

On August 8, 2000, respondent's Appeals officer (Appeals officer) sent petitioner a letter (August 8, 2000 letter) indicating that respondent had received Form 12153 from petitioner and requesting that petitioner provide the Appeals officer with the following on or before August 28, 2000:

> it is necessary to determine the facts of your case so that you have an opportunity to provide arguments regarding those facts.
>
> The focus of your arguments should be other than moral, religious, political or constitutional issues.
>
> Please provide your objections to the factual issues of this case so that full consideration of your request can be conducted.

On August 25, 2000, in response to the Appeals officer's August 8, 2000 letter, respondent received from petitioner a copy of petitioner's attachment to Form 12153.

On August 8, 2001, the Appeals officer offered petitioner a face-to-face Appeals Office hearing and provided him with a literal transcript of his accounts with respect to each of his taxable years 1994, 1995, and 1996. On August 23, 2001, the Appeals officer held an Appeals Office hearing with petitioner. At that hearing, petitioner made the same statements and requests

---

[3](...continued) contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

and advanced the same contentions and arguments that petitioner set forth in petitioner's attachment to Form 12153.

On November 28, 2001, the Appeals Office mailed to petitioner a notice of determination. An attachment to the notice of determination stated in pertinent part:

> **Legal and Procedural Requirements**:
>
> With the best information available, the requirements of various applicable law or administrative procedures have been met.
>
> IRC § 6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. Computer records indicate the Service Center issued these notices; the obligation remains unpaid.
>
> IRC § 6331(d) requires that IRS must notify a taxpayer at least 30 days before a notice of levy may be issued. The revenue officer issued L-1058 [notices of intent to levy] for all periods considered at this hearing.
>
>   *  *  *  *  *  *  *
>
> The taxpayer was given the opportunity to raise any relevant issue relating to the unpaid tax or the proposed levy at the hearing in accordance with IRC § 6330(c).
>
> This Appeals Officer has had no prior involvement with respect to these liabilities.
>
> **Relevant issues presented by the taxpayer**
>
> The issues you raised on Form 12153 dated May 10, 2001 [sic], are of a kind not considered in Appeals, nor contemplated by the due process provisions. * * * You filed Form 1040s on May 28, 1999, June 1, 1999 and May 28, 1999, for tax years 1994, 1995 and [1996], respectively, reflecting what you voluntarily determined to be your tax liability. The 1995 and 1996 returns were accepted as filed. You were advised to file another Form 1040 for 1994 to change your filing status to

married-separate because your spouse had previously filed a separate return and the three-year period for changing a separate return to a joint return had expired.  You responded by filing Form 1040X for corrections to the 1994 return due to a math error discovered on Schedule A.  No subsequent response was received from you and assessment was made as previously proposed in the report [30-day letter pertaining to petitioner's taxable year 1994] dated April 5, 1999.  During the Appeals hearing, you indicated that you currently believe that you have no requirement to file any income tax returns.

You raised no other relevant issues relating to the unpaid taxes and made no proposals regarding collection alternatives.

**Balancing efficient collection and intrusiveness**

IRC § 6330 requires that the Appeals Officer consider whether any collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary.  You have not made payments toward these outstanding liabilities [and] dispute having income that could be used to do so.  Significant resources continue to be used to collect what you owe.  You have not provided any arguments but those the Courts have consistently determined to be frivolous, and have not presented any alternatives to the proposed levy.  Therefore, Appeals has determined the levy is necessary for the efficient collection of the income tax liability.

On December 31, 2001, petitioner filed a petition with the Court for review of respondent's notice of determination.  The petition contains statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.

On March 28, 2002, respondent issued to petitioner a notice of deficiency with respect to his taxable years 1996 and 1997.  As it pertains to petitioner's taxable year 1996, that notice

determined, inter alia, that the total tax of $4,024 reported in petitioner's 1996 filed return was understated and that petitioner has a deficiency of $2,617 for that year. On June 26, 2002, petitioner filed a petition with respect to the notice of deficiency relating to petitioner's taxable years 1996 and 1997, and on September 16, 2002, petitioner filed an amended petition in that case (docket No. 10753-02).

On March 10, 2003, petitioner submitted a document to the Court entitled "Trial Memorandum for Petitioner" that the Court had filed (petitioner's trial memorandum). Petitioner's trial memorandum contained questions, statements, contentions, and arguments that the Court found in an Order dated March 17, 2003 (March 17, 2003 Order) to be frivolous and/or groundless. In the Court's March 17, 2003 Order, the Court reminded petitioner about section 6673(a)(1) and informed him that if he continued to advance frivolous and/or groundless questions, statements, contentions, and/or arguments, the Court would be inclined to impose a penalty on him under section 6673(a)(1).

## OPINION

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly

placed at issue, the Court will review the matter on a de novo basis.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

We turn first to petitioner's taxable year 1994.  Respondent did not accept and process as filed the return for his taxable year 1994 that petitioner mailed to respondent on or about May 24, 1999.  Nor did respondent process and accept as filed the amended return for his taxable year 1994 that respondent received on June 1, 1999.[4]  According to respondent's trial memorandum that the Court had filed on March 11, 2003, that is because petitioner's then spouse had previously filed a separate return for 1994 and had received a refund of an earned income credit for that year, and nonetheless both petitioner's 1994 unfiled return and petitioner's 1994 unfiled amended return purported to be joint returns on behalf of petitioner and his then spouse. Moreover, the record establishes that respondent did not issue a notice of deficiency to petitioner with respect to his taxable year 1994, in which respondent determined that petitioner had a deficiency based upon the substitute for return that respondent prepared on March 29, 1999, and the 30-day letter that respondent mailed to petitioner on or about April 5, 1999, with respect to

---

[4]Nor did respondent accept and process as filed petitioner's second amended return for 1994 (or his respective amended returns for 1995 and 1996) which showed zero income and claimed a refund of the tax withheld.

that year. On the record before us, we conclude that respondent improperly assessed the tax shown in that substitute for return and proposed in that 30-day letter. On that record, we further conclude that respondent abused respondent's discretion in determining to proceed with the collection action as determined in the notice of determination regarding respondent's assessed amounts with respect to petitioner's taxable year 1994.

We now address petitioner's taxable years 1995 and 1996. The record establishes that respondent did not issue a notice of deficiency with respect to 1995 or 1996 (except for the notice of deficiency for 1996 and 1997 discussed above). However, respondent accepted and processed as filed the return that petitioner mailed on or about May 24, 1999, to respondent for each of his taxable years 1995 and 1996, in which he showed total tax of $3,566 and $4,024, respectively, and total tax owed of $3,214 and $3,842, respectively. Moreover, respondent assessed such respective total tax reported in petitioner's 1995 filed return and petitioner's 1996 filed return. Finally, although petitioner did not receive a notice of deficiency with respect to petitioner's unpaid liability for 1995 or 1996, the Court finds the contentions and arguments which petitioner advanced at his Appeals Office hearing, in his petition, and in petitioner's trial memorandum and which challenge the existence or the amount of each such unpaid liability to be frivolous and/or groundless.

We turn next to the remaining issues that petitioner raised with respect to his unpaid liabilities for 1995 and 1996 at his Appeals Office hearing, in his petition, and in petitioner's trial memorandum, which we shall review for abuse of discretion. Sego v. Commissioner, supra; Goza v. Commissioner, supra. We find all those remaining issues to be frivolous and/or groundless. On the record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liabilities for 1995 and 1996.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), the Court will sua sponte determine whether to impose such a penalty. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a)(1) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by

instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions. In the Court's Order dated March 17, 2003, and at trial, the Court reminded petitioner about section 6673(a)(1) and indicated that, in the event that petitioner continued to make statements, advance contentions and arguments, and/or raise questions that the Court finds to be frivolous and/or groundless, the Court would be inclined to impose a penalty under that section. Nonetheless, petitioner continued to adhere to those statements, contentions, and arguments.

In the instant case, starting around April 26, 2000, when petitioner submitted to respondent amended returns for his taxable years 1995 and 1996, through the trial in this case, petitioner has advanced, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests with respect to petitioner's unpaid liabilities for 1995 and 1996, thereby causing the Court to waste its limited resources in addressing such matters. As a result of petitioner's position and actions in the instant case with respect to petitioner's unpaid liabilities for 1995 and 1996, we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,500.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find

them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.