T.C. Memo. 2003-338

UNITED STATES TAX COURT

ISAIAH ISRAEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 8825-02, 10753-02.     Filed December 15, 2003.

Isaiah Israel, pro se.

<u>Thomas D. Yang</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  In these consolidated cases,[1] respondent determined the following deficiencies, additions to tax, and penalties in petitioner's Federal income taxes:

_____

[1]  These cases were consolidated for purposes of trial, briefing, and opinion.

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Penalties Sec. 6662 |
|------|-----------|----------------------------------|---------------------|
| 1996 | $2,617 | $750 | $523 |
| 1997 | 6,292 | 1,605 | 1,258 |
| 2000 | 5,723 | --- | 837 |

The issues for decision are: (1) Whether petitioner is liable for the deficiencies respondent determined in the notices of deficiency for 1996, 1997, and 2000 (years in issue); (2) whether petitioner is liable for additions to tax for failing to timely file his Federal income tax returns (tax returns) under section 6651(a)(1)[2] for 1996 and 1997; (3) whether petitioner is liable for accuracy-related penalties under section 6662 for the years in issue; and (4) whether petitioner engaged in behavior warranting the imposition of a penalty under section 6673.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petitions, petitioner resided in Chicago, Illinois.

On May 28, 1999, respondent received from petitioner tax returns for 1996 and 1997 signed by petitioner and purportedly signed by Lori Israel, petitioner's former spouse, reporting wages received by petitioner from the U.S. Postal Service.

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

Petitioner attempted to file these tax returns with the filing status of "Married filing joint return" by signing Lori Israel's name. On or about April 26, 2000, petitioner filed amended tax returns for 1996 and 1997, reporting taxable income of zero and requesting a refund of all Federal income taxes withheld for both years.

Petitioner timely filed his tax return for 2000. On this tax return, petitioner reported zero taxable income and requested a refund of all Federal income tax withheld. Petitioner attached to the tax return: (1) A Form W-2, Wage and Tax Statement, reporting that petitioner received $36,591 in wages and had $1,538 of Federal income tax withheld by the U.S. Postal Service; and (2) a two-page form letter containing tax-protester boilerplate.

On February 15, 2002, respondent sent petitioner a notice of deficiency for 2000. Respondent determined that petitioner failed to report wages from the U.S. Postal Service, gain from the sale or exchange of assets from National Financial Services Co., and interest income from National Financial Services Co.

On March 28, 2002, respondent sent petitioner a notice of deficiency for 1996 and 1997 with regard to the original tax returns filed on May 28, 1999. Respondent determined that petitioner failed to report capital gain income and interest

income from National Finance Services Co. and that petitioner was not allowed to file a joint return.

On May 16, 2002, petitioner filed a petition with the Court disputing the notice of deficiency for 2000.[3]  On October 10, 2002, petitioner filed an amended petition, which stated:

> 1) Notice of deficiency is not the statutory notice called for by code section 6303, 6321, 6331.  2) Code sections 6204 6211 6213 only allow for supplemental assessments to be made when an initial assessment is made by the "Secretary" 3) Section 6201 only authorizes the Secretary to estimate a tax or his delegate 4) Section 6501(c) precludes IRS (absent a court order) that petitioner owe any more in Federal tax than the zero shown on the return.  5) by definition Section 6211 precludes that a deficiency can exist with respect to a zero return please see page 11 of petitioner answer to jurisdiction to hear the matter!  6) 6212 - only "Secretary" can send a "Notice" of deficiency  7) 6215 - assessment paid upon notice of demand

On June 26, 2002, petitioner filed a petition with the Court disputing the notice of deficiency for 1996 and 1997.[4]  On September 16, 2002, petitioner filed an amended petition.

---

[3]  The petition was originally filed under sec. 6330(d). Petitioner simultaneously filed with the petition a motion to dismiss for lack of jurisdiction, arguing that the "determination" was invalid because a hearing was not conducted and petitioner was not provided with information that he was entitled to.  Respondent filed a notice of objection, stating that a notice of determination concerning collection actions for 2000 had not been issued and no attempts to collect the tax by lien or levy have been made.  The Court denied petitioner's motion and ordered petitioner to file a proper amended petition if he wished to contest the notice of deficiency for 2000.

[4]  The petition was originally filed under sec. 6330(d). Respondent filed a motion for more definite statement.  On Aug. 19, 2002, the Court ordered petitioner to file an amended petition with respect to the notice of deficiency for 1996 and 1997 by Sept. 19, 2002.

Petitioner stated:

> (1)6020(b) only authorizes IRS to make changes to certain
> returns:  941, 940, 942, 943, 11(b), 720, 2290, 4638, 0141,
> 1065-form 1040 is not applicable.  (2) Code section 6212
> states "The Secretary of Treasury" determines a deficiency &
> the "Secretary" or his delegate shall notify taxpayer.  (3)
> Code section 6215 makes it known a "notice of demand" form
> 17A must be sent to taxpayer none was sent by "Secretary"
> (4) 6201 doesn't allow Secretary to estimate a tax based on
> a return omitted (5) No statute makes me liable for tax

On July 9, 2003, the Court issued Israel v. Commissioner, T.C. Memo. 2003-198.  Petitioner had filed a petition in that case in response to a notice of determination concerning collection action(s) under section 6320 and/or 6330 for taxable years 1994, 1995, and 1996.[5]  Id.  The Court concluded that respondent did not abuse his discretion in determining to proceed with the collection action with respect to 1996.  Further, the Court stated:

> Finally, although petitioner did not receive a notice of
> deficiency [before the section 6330 hearing] with respect to
> petitioner's unpaid liability for 1995 and 1996, the Court
> finds the contentions and arguments which petitioner
> advanced at his Appeals Office hearing, in his petition, and
> in petitioner's trial memorandum and which challenge the
> existence or the amount of each such unpaid liability to be
> frivolous and/or groundless.

---

[5]  After petitioner filed a petition with this Court to review the notice of determination for 1996, on Mar. 28, 2002, respondent issued to petitioner the notice of deficiency for 1996 and 1997 on the basis of omitted capital gain and interest income that was not at issue in the sec. 6330 proceeding, but is at issue in the instant proceeding.  Israel v. Commissioner, T.C. Memo. 2003-198.

Id. As a result of petitioner's position and actions with respect to the unpaid liabilities for 1995 and 1996, the Court also imposed a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,500. Id. Petitioner appealed this decision to the U.S. Court of Appeals for the Seventh Circuit, where it is currently pending.

In preparation for the Court's trial session in Chicago, Illinois, beginning September 22, 2003, the parties submitted for each docket a supplemental stipulation of facts, in which petitioner admitted to receiving all the disputed income. Each supplemental stipulation, however, contained the following statement: "It is petitioner's position that this amount is not subject to income tax because the statutory notice of deficiency was not properly issued under federal law by the Secretary of Treasury." Further, petitioner filed with the Court trial memoranda which contained similar frivolous and groundless arguments.

At trial, the Court warned petitioner on three separate occasions that the arguments he was making have been deemed frivolous by the Court and that the Court has imposed penalties under section 6673 against taxpayers who bring such frivolous arguments before the Court. Additionally, the Court provided petitioner with citations of three cases in which the Court imposed a penalty pursuant to section 6673 because the taxpayers

brought frivolous and meritless cases before the Court:
<u>Trowbridge v. Commissioner</u>, T.C. Memo. 2003-165, <u>Trowbridge v. Commissioner</u>, T.C. Memo. 2003-164, and <u>Tornichio v. Commissioner</u>, T.C. Memo. 2002-291.  Despite the Court's warnings, petitioner continued with the frivolous and groundless arguments at trial and in his subsequent brief filed with the Court.

OPINION

I.  <u>Notices of Deficiency</u>

Petitioner argues that the person who sent the notices of deficiency did not have the delegated authority to send them. Respondent argues that, in light of the stipulations of facts in which petitioner admits to receiving the disputed income, the only issues in dispute are the additions to tax and penalties.

The parties stipulated that for 1996 and 1997, petitioner received payments for the sale of stocks/bonds and interest income from National Financial Services Co., which form the basis of the adjustments determined in the notice of deficiency.  The parties also stipulated that for 2000, petitioner received payments from the U.S. Postal Service for wages and payments for the sale of stocks/bonds and interest income from National Financial Services Co., which form the basis of the adjustments determined in the notice of deficiency.

Rule 91(e) provides that a stipulation is treated "as a conclusive admission by the parties to the stipulation" and shall

be binding in the pending case.  Further, the Rule provides that the Court will not permit a party to "qualify, change, or contradict a stipulation" except that the Court may do so "where justice requires."  Rule 91(e).  For each of the years in issue, petitioner conceded the amounts of unreported income in the stipulations of facts.  Petitioner did not move to be relieved from the stipulations or present grounds that he should not be bound to his admission.  See Rule 91(e); Said v. Commissioner, T.C. Memo. 2003-148.  We conclude that the stipulations are binding.

Further, petitioner's argument that the person who sent the notices of deficiency did not have the delegated authority to send them has been deemed by this Court to be frivolous. Petitioner bases his argument on the Court's decision in Everman v. Commissioner, T.C. Memo. 2003-137.  Petitioner misreads the holding in Everman.  In Everman, as in countless other cases, the Court held that the taxpayer's argument that the notice of deficiency was invalid because it was not signed by the Secretary or an authorized delegate was meritless.  Id.; see, e.g., Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Bethea v. Commissioner, T.C. Memo. 2003-278; Fink v. Commissioner, T.C. Memo. 2003-61; Koenig v. Commissioner, T.C. Memo. 2003-40; Snyder v. Commissioner, T.C. Memo. 2001-255; Browder v. Commissioner, T.C. Memo. 1990-408.  Further, the Court noted that there is no

requirement that a notice of deficiency be signed. <u>Everman v. Commissioner</u>, <u>supra</u>. We, therefore, find petitioner's argument to be similarly meritless and conclude that petitioner is liable for the deficiencies respondent determined in the notices of deficiency for the years in issue.

II. <u>Refund for 2000 Taxable Year</u>

Petitioner also argued that the "refund" requested on his 2000 tax return was incorrectly applied to the tax liabilities for 2000 rather than being refunded to him. We disagree.

We do not find that petitioner made an overpayment in 2000 that should be refunded to him. In general, if a taxpayer has made an "overpayment" and the overpayment is not applied against any of the taxpayer's outstanding tax liabilities, the Secretary must refund the payment, including interest. Sec. 6402(a); <u>Bachner v. Commissioner</u>, 109 T.C. 125, 128 (1997), affd. without published opinion 172 F.3d 859 (3d Cir. 1998). Section 6512(b) gives the Court jurisdiction to determine the amount of any overpayment to be credited or refunded where we have jurisdiction to redetermine a deficiency. <u>Bachner v. Commissioner</u>, <u>supra</u> at 128.

We look to caselaw to define "overpayment" because there is no specific definition of the term "overpayment" in the Code

which applies to the facts of these cases.[6]  Id.  This Court has interpreted an overpayment as occurring when the taxpayer has made a payment of tax greater than the amount properly due.  Id. at 129; see Estate of Baumgardner v. Commissioner, 85 T.C. 445, 450 (1985).

As determined above, petitioner is liable for the tax liability for 2000 which exceeded the withholding payment of $1,538, as respondent determined in the notice of deficiency.  As a result, there is no overpayment that petitioner is entitled to because he did not make a payment of tax greater than the amount properly due.

III. Additions to Tax

Respondent determined that petitioner is liable for additions to tax pursuant to section 6651(a)(1) for 1996 and 1997.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  Section 7491(c) requires respondent to carry the burden of production with respect to any addition to

---

[6]  Sec. 6401(a) provides:

The term "overpayment" includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto.

tax for failure to file. The Court has received into evidence copies of petitioner's tax returns for 1996 and 1997 stamped as received by the Internal Revenue Service Center in Kansas City, Missouri, on May 28, 1999, approximately 2 years and 1 year delinquent, respectively. Respondent has sustained his burden of production to show that the section 6651(a)(1) addition to tax is appropriate. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

If petitioner establishes that the failure to file timely returns was due to reasonable cause and not due to willful neglect, he can avoid the addition to tax. Sec. 6651(a)(1). Petitioner offered no evidence showing that his failure to file was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioner is liable for the additions to tax under section 6651(a).

IV. Penalties

A. Section 6662

Respondent determined that petitioner is liable for accuracy-related penalties under section 6662(a) and (b)(1) for 1996, 1997, and 2000. Section 6662(a) imposes a penalty in the amount of 20 percent on the portion of the underpayment to which the section applies. As relevant to these cases, the penalty applies to any portion of the underpayment that is attributable to negligence or disregard of rules or regulations. Sec.

6662(b)(1). Negligence is any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence has been described as the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 7491(c) requires respondent to carry the burden of production because he seeks to impose an accuracy-related penalty pursuant to section 6662(a). With respect to the returns for 1996 and 1997, respondent and petitioner stipulated that petitioner attempted to file those returns "as joint returns by signing his former spouse's name as well as his own name", thereby claiming an additional exemption and calculating the income tax under the more favorable rates of section 1(a)(1). The parties also stipulated that interest income and income from the sale of stocks were omitted from the 1996 and 1997 returns.

The 2000 return petitioner filed reported zero on all income entries and no taxable income even though respondent and petitioner stipulated that petitioner received $3,209 in 2000 from the sale of stock, $17 interest on an account with National Financial Services Co., and $36,591 as wages from the U.S. Postal

Service.  Respondent has met his burden of production for his determination of the accuracy-related penalty under section 6662(a) on the basis of negligence or disregard of rules or regulations for 1996, 1997, and 2000.

Even though respondent has met his burden of production, the accuracy-related penalty will not be imposed if petitioner can establish that he acted with reasonable cause and in good faith. See sec. 6664(c)(1).  The record is devoid of any evidence of reasonable cause and good faith on the part of petitioner.  No attempt has been made to comply with applicable rules and regulations, and accordingly, we hold that petitioner is liable for the accuracy-related penalties under section 6662(a).  See Higbee v. Commissioner, supra.

B.   Section 6673

Respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1).  The Court may sua sponte determine whether to impose such a penalty.  See Frank v. Commissioner, T.C. Memo. 2003-88; Robinson v. Commissioner, T.C. Memo. 2003-77; Keene v. Commissioner, T.C. Memo. 2002-277; Schmith v. Commissioner, T.C. Memo. 2002-252; Schroeder v. Commissioner, T.C. Memo. 2002-190; Williams v. Commissioner, T.C. Memo. 2002-111.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the U.S. a penalty in an amount not to exceed

$25,000 whenever it appears to the Court that the taxpayer's position in the proceeding is frivolous or groundless. Sec. 6673(a)(1)(B).

In Israel v. Commissioner, T.C. Memo. 2003-198, we imposed a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,500 because petitioner had:

> advanced, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests with respect to petitioner's unpaid liabilities for 1995 and 1996, thereby causing the Court to waste its limited resources in addressing such matters. * * *

At trial in the instant cases, the Court warned petitioner on three separate occasions that the Court has penalized taxpayers under section 6673 for bringing frivolous and meritless cases before the Court, giving petitioner the citations of cases in which the Court imposed the penalty.

Despite the warnings of the Court, petitioner has continued to assert groundless arguments. Under the circumstances, we shall, on our own motion, impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $5,000.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we conclude that they are without merit or irrelevant.

To reflect the foregoing,

<u>Decisions will be entered for respondent</u>.